**Enrique Eusebio ESTEBAN, aka Enrique Eusebio, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 05–76231.

United States Court of Appeals, Ninth Circuit.

Submitted May 20, 2008.*

Filed May 28, 2008.

Walter Rafael Pineda, Esq., Law Office of Walter R. Pineda, Redwood City, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Arthur F. Norton, U.S. Department of Justice, Washington, DC, for Respondent.

Before: PREGERSON, LEAVY, and TASHIMA, Circuit Judges.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

## MEMORANDUM **

Enrique Eusebio Esteban, a native and citizen of Guatemala, petitions *pro se* for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") decision denying his application for withholding of removal and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence and will uphold the agency's decision unless the evidence compels a contrary conclusion. *See INS v. Elias–Zacarias,* 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). We deny the petition for review.

█ Substantial evidence supports the BIA's denial of withholding of removal because Eusebio Esteban has failed to demonstrate a likelihood of persecution. He has failed to show that he suffered harm rising to the level of past persecution. *See Prasad v. INS,* 47 F.3d 336, 338 (9th Cir. 1995). He has relatives who continue to live in his Guatemala without incident, which undermines his claim. *See Hakeem v. INS,* 273 F.3d 812, 816–17 (9th Cir. 2001). Finally, substantial evidence supports the BIA's conclusion that Eusebio Esteban could avoid future harm by relocating to another part of Guatemala. *See* 8 C.F.R. § 208.16(b)(1)(i)(B).

█ Substantial evidence supports the BIA's denial of CAT protection. Eusebio Esteban has failed to demonstrate that it is more likely than not that he will be tortured by or with the acquiescence of the government if removed to Guatemala. *See Zheng v. Ashcroft,* 332 F.3d 1186, 1194–95 (9th Cir.2003).

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

The Clerk shall amend the docket to reflect that, in accordance with our order of April 23, 2007, the petitioner is proceeding *pro se.*

## PETITION FOR REVIEW DENIED.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provid-